(No. 4197

CLIFFORD H. OLSEN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1949.*

JAMES E. BOYLE, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

Schuman, C. J.

Claimant, Clifford H. Olsen, was first employed by the State of Illinois by the Division of Highways, Department of Public Works and Buildings, on December 21, 1941. That on May 28, 1948 he was assigned to mow vegetation with a power driven mower on the right-of-way of Route U. S. 34 in DeKalb County. That he encountered difficulty with the mower and in adjusting the belt control, his left index finger was caught by the moving belt and crushed between the belt and belt pulley.

No jurisdictional question is raised. Respondent and claimant were operating under the Workmen's Compensation Act, and the accident arose out of and in the course of employment. The facts show that the claimant's earnings for the year preceding the accident were $2,225.35.

The State furnished medical and hospitalization and no claim is made for any additional medical and hospital expenses.

The medical report, the evidence and an inspection of the claimant's finger reveals the following:

That the distal end of the left index finger was severed and ¼ inch of bone of the distal phalanx was removed by the doctor. The examination of the finger by Commissioner Wise revealed it to be approximately ⅝ inches shorter than the right index finger; that there is almost complete loss of motion of the distal joint of said finger and that claimant has only about 45% motion in the distal joint when pressure is applied with the right hand; that the nail has grown back and is smaller than on the other hand and that the finger was scarred and sensitive and numb.

The facts show that the claimant was married and was standing in loco parentis with reference to two step-

children under the age of 16 years who were dependent upon him for support.

The evidence clearly establishes that the claimant has sustained permanent partial specific loss of the index finger of the left hand to the extent of 50%.

On the basis of this record, we make the following award:

For the permanent, partial specific loss of the use of the index finger of the left hand, claimant is entitled to an award of $416.00 for a period of 20 weeks at $20.80 per week or 50% loss of use of the index finger of the left hand.

All of this compensation has accrued and is payable forthwith.

An award is also entered in favor of Emma Tweed, 261 East Lincoln Avenue, DeKalb, Illinois, for stenographic services in the amount of $21.50, which is payable forthwith. The Court finds that the amount charged is fair and reasonable and customary and said claim is allowed.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."